**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4080**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ERIC EUGENE ROBINSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:07-cr-00065-1)

Submitted:  May 20, 2009              Decided:  June 12, 2009

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Godwin Oyewole, Washington, D.C., for Appellant.  Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Eric Eugene Robinson pled guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 151 months in prison. He now appeals, claiming that he was wrongly sentenced as a career offender and that the sentence is unreasonable. We affirm.

As part of his plea agreement, Robinson waived:

> [his] right to seek appellate review of the reasonableness of any sentence imposed by the District Court, so long as that sentence falls within the range established by the United States Sentencing Guidelines. This waiver, however, does not prevent [Robinson] from arguing for a sentence above or below the guideline range at or before the sentencing hearing, nor does it prevent [Robinson] from seeking appellate review of the District Court's calculation of the guideline range, if an objection is properly preserved.

At the plea colloquy, Robinson acknowledged that he had signed the agreement with a full understanding of its terms. The district court summarized the waiver and asked Robinson if he understood it. Robinson replied that he did. The district court accepted Robinson's guilty plea upon the determination that the plea was voluntarily and knowingly made with a full understanding of its consequences.

Our review of the record convinces us that Robinson's plea was both knowing and voluntary and that Robinson understood the full significance of the waiver of his appellate rights.

2

Further, his claim that his sentence is unreasonable falls within the scope of that waiver. Accordingly, Robinson waived his right to challenge the reasonableness of his sentence in this appeal. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005); see also United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Robinson properly preserved his claim that a prior conviction for assault should not qualify as a predicate felony for career offender purposes, and his waiver does not foreclose our consideration of this claim. However, we conclude that the claim lacks merit.

The relevant guideline provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2006). The first two criteria are clearly satisfied. Further, Robinson does not dispute that a 1988 robbery conviction was a qualifying predicate felony.

He argues, instead, that his 2000 conviction for second degree assault should not have been treated as the other predicate felony because of disputed versions of that crime.

3

However, Robinson's attorney conceded at sentencing that "striking another individual with a knife in your hand" technically qualified.  We conclude that the conviction was properly treated as a "crime of violence" because it is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  See USSG § 4B1.2(a)(1).

We therefore affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED